## Civil Service Appointments

JEROME H. GERBER, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, March 5, 1958.—You have requested the opinion of this department as to whether it is permissible to give civil service appointments to either nonresident persons or to persons who have not taken a civil service examination.

The Civil Service Act of August 5, 1941, P. L. 752, 71 PS §§741.1 to 741.1002, provides a comprehensive plan for the procurement of qualified persons as employes of the Commonwealth. The act is specifically applicable to all offices and positions existing at the

time of the passage of the act or thereafter created in the Department of Public Assistance, the State Board of Public Assistance and county boards of assistance, in the bureau of the Department of Labor and Industry charged with the administration of the Unemployment Compensation Law, in all offices of the Pennsylvania Liquor Control Board and in all offices of the State Civil Service Commission. The act itself made provision for future legislative extension to employes of other agencies or departments.

However, the legislature has not seen fit to extend the coverage of the act. Section 501 of the act, supra, as amended[1], states that except as otherwise provided in the act appointments of persons entering the classified service shall be from eligible lists established as a result of examinations given by the Executive Director of the Civil Service Commission. This same section states further that persons applying for a position in the classified service shall be, inter alia, legal residents of the Commonwealth. Nowhere in the act is there any provision which would allow the commission to grant exemptions and allow nonresidents to apply for positions in the classified service.

Although the general rule is that examinations are required as a prerequisite to appointment in the classified service, there appear to be two exceptions set forth in the act. The first of these deals with provisional appointments. Section 604 of the act, supra, as amended[2], provides that where there is a great and urgent public need for filling a vacancy in any position in the classified service and the director is unable to certify an eligible person for the vacancy, he may authorize the filling of the vacancy by provisional appointment. The procedure is then set forth and allows the certification of a qualified person with or

[1] 71 PS §741.501.
[2] 71 PS §741.604.

without examination. Under these circumstances, it is both proper and permissible to make an appointment to a position in the classified service of a person who has not taken an examination.

The second possible exception to the general rule that a civil service examination is a prerequisite for appointment is found in the terminal portion of section 501 of the act, supra. There it is stated that the commission may permit promotions to be accomplished by any of three plans. The second plan provides:

". . . by appointment without examination, if the person has completed his probationary period in the next lower position, and if he meets the minimum requirements for the higher position; . . .": 71 PS §741.501.

Although the act speaks of this as an appointment, we believe that in reality it is a promotion and may not fall within the terms of your request for advice.

It is, therefore, the opinion of this department and you are accordingly advised that persons applying for appointments in the classified service, i.e., office or position in the Department of Public Assistance, the State Board of Public Assistance and county boards of assistance, in the bureau of the Department of Labor and Industry charged with the administration of the Unemployment Compensation Law, in the Pennsylvania Liquor Control Board, or for an office or position under the State Civil Service Commission and the executive director, must be residents of the Commonwealth; that the appointment of such a person to an office or position in the classified service must be after examination except in the case of provisional appointments or in the case where the appointment is, in fact, a promotion under section 501 of the act, supra.

Nothing in this opinion should be construed to control the requirements for eligibility for appointment to an office or position in any department or

agency of this Commonwealth not covered by the Civil Service Act. In those cases where the department or agency has contracted with the Civil Service Commission for the administration of a merit system, the qualifications for appointment must be determined by reference to the contract between the department or agency and the Civil Service Commission. If the contract does not set forth residence or examination requirements, appointments may be made to positions in the contracting department or agency of nonresidents and without examination. There are also several State agencies which have merit systems under legislation other than the Civil Service Act, i.e., Department of Health and Board of Parole. In such cases reference should be made to this legislation if any problem arises to the qualifications for appointment.